ORDERED.

Dated: April 26, 2019

_Cynthia C. Jackson_
Cynthia C. Jackson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Shannon W. Guice,

      Debtor.
_____/

Case No. 6:19-bk-00458-CCJ
Chapter 13

ORDER DENYING MOTION BY DEBTOR FOR CLARIFICATION

This matter came before the Court for hearing on April 11, 2019, to consider the Motion by Debtor for Clarification of Order Granting Motion for Relief from Automatic Stay, Request for Expedited Hearing and Certificate of Necessity of Request for Hearing (Doc. No. 35; the "Motion"). Having reviewed the Motion, the notices of filing case citations (and the cases identified in those notices),[1] and considering argument of counsel at the hearing, the Court denies the Motion.

The Debtor filed this Chapter 13 bankruptcy case on January 23, 2019 (the "Petition Date"). Prior to the Petition Date, the plaintiffs, the Federal Trade Commission and the Office of the Attorney General for the State of Florida, filed a complaint in the United States District Court for the Middle District of Florida requesting damages, a permanent injunction and other relief against several defendants, including the Debtor's non-filing spouse, Kevin W. Guice, (the

"District Court Action").[2] The Debtor is not named as a defendant in the District Court Action. The District Court granted the plaintiffs' summary judgment on the complaint and issued a permanent injunction prohibiting the Debtor's spouse from conducting various business activities.[3] The District Court also appointed Mark J. Bernet, as receiver (the "Receiver") for the corporate defendants in the District Court Action.[4]

The Receiver filed a Motion to Compel Disgorgement of Assets from Defendant, Kevin Guice and his Spouse, Shannon Guice, to Impose Constructive Trust, and for Other Equitable Relief in the District Court Action (the "Motion to Compel Disgorgement").[5] Magistrate Judge Smith submitted a Report and Recommendation on the Motion to Compel Disgorgement (the "Report and Recommendation") in the District Court Action.[6] The Report and Recommendation, consisting of over 20 pages of factual findings and legal conclusions, recommends that the District Court grant in part the Motion to Compel Disgorgement. Before the District Court could consider the Report and Recommendation and any objections, the Debtor filed this case.

The Receiver filed a Motion for Relief from the Automatic Stay in this case, which the Court granted (Doc. No. 24; the "Stay Relief Order"). The Stay Relief Order provides in part that "[t]he automatic stay is hereby modified to permit the district court to proceed to final adjudication with respect to the issues raised in and by the Receiver's Motion to Compel Disgorgement of Assets in the Enforcement Action; PROVIDED THAT, nothing herein shall operate to permit the Receiver to execute against any property of the Debtor's bankruptcy estate."[7] The Receiver has also filed a motion to dismiss this bankruptcy case which has not yet been set for trial (Doc. No. 12; the "Motion to Dismiss").

After entry of the Stay Relief Order, the Receiver contacted Debtor's counsel to depose the Debtor in the District Court Action. The Debtor filed the Motion for Clarification in response.

2

By the Motion for Clarification, the Debtor requests an order from the Court clarifying that the Stay Relief Order does not allow the Receiver to depose the Debtor in the District Court Action. At the hearing on the Motion for Clarification, the Receiver alleged that Mr. Guice is violating the permanent injunction imposed by the District Court by operating a business and is doing so within the home of Mr. Guice and the Debtor. The Receiver seeks to depose the Debtor in the District Court Action as a witness to Mr. Guice's alleged violations. The Receiver argues that Section 362 of the Bankruptcy Code does not preclude the Receiver from deposing the Debtor as a third party witness in the District Court Action, and as a result, the Receiver has not violated the automatic stay or the Stay Relief Order. The Debtor contends that the Receiver should be prohibited from taking her deposition because it violates the stay and is concerned that it may be used against her in this bankruptcy case in connection with the Motion to Dismiss.

Section 362 of the Bankruptcy Code provides, with certain exceptions not applicable here, that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of – "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,…" [8]

It is undisputed that the District Court Action itself is not an action against the Debtor. Accordingly, unless the discovery request constitutes the "issuance or employment of process" against the Debtor within the meaning of Section 362, it is not a violation of the automatic stay. This Court agrees with the reasoning of the Ninth Circuit Bankruptcy Appellate Panel in the case of *In re Miller,* a case very similar to this matter, that such discovery is not intended to fall within Section 362's prohibition.[9] As the Ninth Circuit Bankruptcy Appellate Panel held:

> If this were true, a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the

3

      stay.  Such an interpretation of Section 362(a) defies common sense and the spirit of the Code.[10]

And this is true regardless of whether information obtained from the deponent could later be used against the Debtor.  As stated by the *Miller* court, "[i]nformation is information, and we believe the discovery of it as part of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay."[11]

      Because the Receiver seeks to depose the Debtor as a third party witness in the District Court Action, the Court finds that neither Section 362 of the Bankruptcy Code nor the Stay Relief Order prohibit it, nor is the Receiver prohibited from using any information obtained by the discovery in either the District Court Action or in this case.  Accordingly, it is

      ORDERED:

      1.      The Motion (Doc. No. 35) is denied.

      2.      The Receiver may depose the Debtor as a witness in the District Court Action.

Clerk's office to serve

---

[1] Doc. No. 37, 39.
[2] *Federal Trade Commission v. Life Management Services of Orange County*, LLC et. al., No. 6:16-cv-982-Orl-41 TBS (M.D. Fla. filed June 7, 2016).
[3] *Id*. at Doc. No. 225.
[4] *Id.* at Doc. No. 36.  The corporate defendants are: Life Management Services of Orange County, LLC, Loyal Financial & Credit Services, LLC, IVD Recovery, LLC, KWP Services, LLC, KWP Services of Florida, LLC, LPSofFLA LLC, LPSofFLORIDA L.L.C., PW&F Consultants of Florida, LLC, UAD Secure Services LLC, UAD Secure Service of FL LLC, URB Management, LLC, YCC Solutions LLC and YFP Solutions LLC.
[5] *Id.* at Doc. No. 198.
[6] *Id*. at Doc. No. 239.
[7] The Stay Relief Order defines "Enforcement Action" as the District Court Action.
[8] 11 U.S.C. § 362(a)(1).
[9] *In re Miller,* 262 B.R. 499 (9th Cir. BAP 2001).
[10] *Id.* at 505.
[11] *Id*. at 505.